**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**STEVEN WAYNE BELL,**

        **Plaintiff,**

**v.**                                               **Civil Action No. 3:06cv22
                                                     (Judge Broadwater)**

**AL HAYNES, V. PURI, HAROLD BOYLES,
FEDERAL BUREAU OF PRISONS,**

        **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

On February 24, 2006, the *pro se* plaintiff initiated this case by filing a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Plaintiff was granted permission to proceed as a pauper on May 1, 2006, on August 25, 2006, Plaintiff was granted permission to amend his administrative remedies. This case is before the undersigned for an initial review and report and recommendation pursuant LR PL P 83.02, and 28 U.S.C. §§ 1915(e) and 1915A.

### I. The Complaint

According to the complaint, on May 15, 2005, while incarcerated at the Hazelton Penitentiary, Plaintiff was ordered to go through the "blue corridor." Plaintiff asserts that the corridor was dark and that he tripped and fell due to a wet and damaged floor. Plaintiff asserts that as a result of the fall, his head, neck, shoulder, back, and right hip were injured. Plaintiff was taken to the medical department where he was examined by a Physician Assistant ("PA"). After the examination, Plaintiff was issued Ibuprofen for pain.

Sometime after his initial consultation with the PA, Plaintiff was seen by Nurse Boyles. During this meeting, Nurse Boyles told Plaintiff that if he dropped his complaints against the medical department, V. Puri, the Health Services Administrator, would allow him to be examined by a Veterinarian. Plaintiff refused to drop his complaints and was not seen by a medical doctor despite his complaints of severe pain.

Because of the alleged lack of medical care by a qualified physician, Plaintiff sent a request to Warden Al Haynes asking to see an outside doctor. The request specifically stated that the cost of the outside physician would be paid for in advance by Plaintiff's family. Plaintiff advised Warden Haynes that he was in severe pain, that he had not yet been examined by a medical doctor, that he had not had any x-rays, and that his pain was limiting his activities. Plaintiffs' request was denied.

Plaintiff asserts that he suffers from several problems as a result of his fall and the alleged lack of medical care. For example, Plaintiff states that his lower back causes him pain and sometimes has to be popped back into place. In addition, Plaintiff's shoulder and neck lock-up when he reaches his hands over his head. Plaintiff also suffers from headaches and right hip pain. In fact, Plaintiff asserts that when he is locked-up for extended periods of time and only allowed short periods of recreation, his right hip will pop out of joint when he tries to walk. As relief, Plaintiff seeks one million dollars in damages for the defendants deliberate indifference to his serious medical needs and so he may get the proper medical attention for his pain and suffering. Attached to the complaint are copies of Plaintiff's requests for administrative remedy and the responses thereto. Additionally, Plaintiff attaches a copy of a Claim for Injury, Damage or Death submitted to the Bureau of Prisons. The response to Plaintiff's tort claim was filed on August 21, 2006.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaust of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life,

---

[1] Id. at 327.

whether they involve general circumstances or particular episodes"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter at 524 (citing Booth at 741) (emphasis added). In addition, the Supreme Court has stated that "we will not read futility or other exceptions into statutory exhaustion requirements . . ." See Booth at 741, n. 6.

### A. Plaintiffs' Bivens Claims

The Bureau of Prisons ("BOP") makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at USP-Hazelton, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In this case, copies of Plaintiff's administrative remedies show that he filed a formal grievance with the institution and that Warden Haynes responded to that grievance on June 6, 2005. Plaintiffs' request was denied except for his claim regarding an x-ray. With regard to x-rays, Warden Haynes found that Plaintiff was already scheduled for an x-ray, thereby resolving the issue.

---

[2] Porter at 524.

4

In addition, it appears that Plaintiff filed an appeal of Warden Haynes decision to the Regional Level. However, Plaintiff's Regional Appeal was rejected on June 21, 2005, for procedural reasons. Nonetheless, Plaintiff was advised that he had 10 days to resubmit his claim in the proper form. Plaintiff apparently resubmitted his appeal because the Regional Office again rejected Plaintiff's appeal on September 16, 2005. Plaintiffs' resubmitted claims were also rejected for procedural reasons and Plaintiff was again advised that he may resubmit his appeal in proper form. However, it appears that instead of correcting the procedural deficiencies and resubmitting his regional appeal, Plaintiff filed an appeal with the Central Office. Plaintiff's Central Office appeal was also rejected on procedural grounds. Plaintiff has filed no copies of any other administrative requests or responses related to his Bivens claims.

Accordingly, Plaintiff clearly initiated the administrative remedy procedure, but only fully completed one level of that procedure. It does not appear as if the Regional Office or the Central Office has ever had the opportunity to address Plaintiff's claims on the merits. Instead, Plaintiff's appeals to those levels were rejected for procedural reasons. This is insufficient. In Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford, 126 S.Ct. at 2387 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 2393.

Accordingly, because it is clear from the face of the complaint that Plaintiff has failed to

5

fully and properly exhaust his Bivens claims, and that Plaintiff would be procedurally barred from doing so at this time,[3] Plaintiff's Bivens claims should be dismissed with prejudice. See Woodford, 126 S.Ct. at 2382 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

### B. Plaintiff's Tort Claim

The disposition of a tort claim by a federal agency is a prerequisite to initiating suit in the district court. 28 U.S.C. § 2675. Section 2675(a) states:

> [a]n action *shall not* be instituted . . . against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee . . . while acting within the scope of . . . employment, unless the claimant *shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing* . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section. (Emphasis added).

Therefore, even though Plaintiff's tort claim is now exhausted, it was not exhausted at the time this case was filed. Plaintiff filed his Claim for Injury, Damage or Death on or about January 26, 2006 and pursuant to § 2675(a), the BOP had six-months from that date to respond to Plaintiff's claim. This case was filed only one month later on February 24, 2006.[4] Thus, because Plaintiff's tort claim was not exhausted prior to filing suit, that claim should be dismissed.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's Bivens claims be **DISMISSED with prejudice** for the failure to fully exhaust administrative remedies and that

---

[3] Plaintiff was informed that he had 10 days to resubmit his regional appeals in proper form and 15 days to resubmit his Central Office appeal in proper form. Those time periods have long since passed and any attempts to further exhaust those remedies would be rejected as untimely.

[4] Plaintiff's tort claim was actually denied on March 6, 2006. See Plaintiff's Motion to Amend his Administrative Remedies (dckt. 13) at Ex. 1.

Plaintiff's tort claims be **DISMISSED without prejudice** as premature.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, and party may file written objections with the Clerk of Court. The written objections shall identify those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: October 19, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE