IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

STEVEN WAYNE BELL,

    Plaintiff,

v.                                              CIVIL ACTION NO. 3:06CV22
                                              (BROADWATER)

AL HAYNES, Warden, V. PURI, Health Services
Administrator, HAROLD BOYLES, Nurse and
THE FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day the above styled case came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, dated October 19, 2006. The Plaintiff filed objections to the Report on November 1, 2006. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

After reviewing the above, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted.

The Plaintiff objects to the Magistrate Judge's finding that this action should be dismissed under the applicable law because the Plaintiff failed to exhaust administrative remedies. *See* 42 U.S.C. § 1983; Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Specifically, the Magistrate Judge found that Bell's appeals for administrative remedy were not exhausted because the Plaintiff failed to refile appeals that were denied on procedural grounds. The Plaintiff argues that his administrative appeal was rejected by the Central

Administrative Office on sham procedural grounds. Bell indicates that his appeal was rejected because he submitted too many copies of his appeal (Document No. 16, page 2).

Upon review of the record and the materials submitted by the Plaintiff in support of his Objections, the Court finds that the Central Office Appeal was rejected on proper procedural grounds. The Central Office Appeal was rejected because materials the Plaintiff submitted to the Central Office were not legible (Document No. 17, page 11). The rejection notice further indicated that the Plaintiff could resubmit his corrected appeal within fifteen days. The Plaintiff did not adequately correct the procedural defaults and refile his appeal in the designated time frame, therefore, Bell failed to exhaust his available administrative remedies.

Accordingly, for the reasons set forth in the Magistrate Judge's Report and Recommendation and for those reasons set forth herein, the Court **ORDERS** that the Plaintiff's Biven's claims be **DISMISSED WITH PREJUDICE** for failure to fully exhaust administrative remedies. Plaintiff's tort claims are **DISMISSED WITHOUT PREJUDICE** as premature. It is further **ORDERED** that this action be and is hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the Plaintiff and all counsel of record herein.

**DATED** this 6th day of November 2006.

W. Craig Broadwater
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE